UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DERRICK HARRIS,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:14-cv-333

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TERMINATED ON THE COURT'S DOCKET; OR, ALTERNATIVELY (2) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE AND AFFIRMED, AND THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the administrative record (doc. 6),[2] and the record as a whole.

**I.**

*Pro se* Plaintiff failed to file a Statement of Errors on or before the February 20, 2015 deadline, and, consequently, the Court ordered Plaintiff to show cause as to why this case should not be dismissed for failure to prosecute ("First Show Cause Order"). Doc. 7. Plaintiff subsequently filed a chart that purportedly demonstrates his entitlement to disability benefits.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

Doc. 8.  On March 16, 2015, the Court concluded that the chart did not satisfy the required elements of a Statement of Errors, and ordered Plaintiff to file a Statement of Errors on or before March 30, 2015.  *See* March 16, 2015 Notation Order.  Plaintiff failed to file a Statement of Errors in response to the Court's Order.

Accordingly, on April 23, 2015, the Court again ordered Plaintiff to show cause as to why this case should not be dismissed for failure to prosecute ("Second Show Cause Order").  Doc. 9.  In the Order, the Court stated that Plaintiff could file a Statement of Errors in lieu of showing cause, and directed Plaintiff to Sixth Amended Magistrate Judges' General Order No. 11, which sets forth the requirements of a Statement of Errors.[3]  *Id.* at PageID 476-77.  The Court notified Plaintiff that failure to respond satisfactorily -- by either showing cause or filing a Statement of Errors -- may result in a recommendation that this case be dismissed for failure to prosecute.  *Id.* at PageID 477.  On May 6, 2015, Plaintiff filed a two-page document captioned "Statement of Error[s]."  Doc. 10.

This document does not conform to the requirements of Sixth Amended Magistrate Judges' General Order No. 11.  Plaintiff does not explain how the ALJ erred, reference the administrative record, or cite to any law or supporting authority; instead, Plaintiff largely expresses his frustration with the administrative process.  *See id.*  Accordingly, because Plaintiff has failed to file a Statement of Errors in conformance with Sixth Amended Magistrate Judges' General Order No. 11, the undersigned **RECOMMENDS** that this case be dismissed for failure to prosecute.  *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (district courts have the

---

[3] "According to the Sixth Amended Magistrate Judges' General Order No. 11, the Statement of Errors . . . shall be organized in the form of a memorandum in support of the plaintiff's position and shall also include PageID references to the administrative record as well as citations of applicable law and supporting authority.  Statements of [S]pecific [E]rrors shall present the detail ordinarily expected in a motion for summary judgment, and shall raise and address all issues as to which the plaintiff seeks review."  Doc. 9 at PageID 476-77.

inherent power to *sua sponte* dismiss civil actions for want of prosecution); *Walker v. Dallman*, No. 92-3817, 1993 WL 57381, at *1 (6th Cir. Mar. 4, 1993).

## II.

Even if the Court were to construe Plaintiff's most recent filing as a Statement of Errors, the only conceivable error alleged is that the ALJ failed to properly assess Plaintiff's credibility and allegations of disabling symptoms. *See* doc. 10 at PageID 478-79. A thorough review of the administrative decision reveals that the ALJ properly evaluated Plaintiff's complaints of disabling symptoms and reasonably found him not fully credible. *See* PageID 54-62.

"Where the symptoms and not the underlying condition form the basis of the disability claim, a two-part analysis is used . . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001); *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994)). "First, the ALJ will ask whether . . . there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms." *Rogers*, 486 F.3d at 247 (citation omitted). Second, where, as here, "the ALJ finds that such an impairment exists, then he [or she] must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities." *Id*. (citations omitted); s*ee also* Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at *2 (July 2, 1996).

In evaluating this second prong, the ALJ must consider a number of "[r]elevant factors," namely: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of symptoms; (3) factors that precipitate and aggravate symptoms; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; (5) other treatment undertaken to relieve symptoms; (6) other measures taken to relieve symptoms, such as

3

lying on one's back; and (7) any other factors bearing on the limitations of the claimant to perform basic functions. 20 C.F.R. § 416.929(c)(3); *see also Rogers*, 486 F.3d at 247.

The ALJ, and not this Court, "evaluate[s] the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. A claimant's credibility comes into question when his or her "complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence[.]" *Id*. To assess credibility, the ALJ must consider "the entire case record," including "any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record." *Id*. This Court is required to "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

Here, the ALJ provided specific reasons, supported by substantial evidence in the record, for not fully crediting Plaintiff's allegations of disabling mental health symptoms and pain. *See* PageID 59. The ALJ properly considered Plaintiff's "wide range of activities of daily living" -- including driving, performing indoor and outdoor chores, shopping, playing sports, reading, eating in restaurants, going on dates, and visiting friends. *Id.*; *see also* 20 C.F.R. § 416.929(c)(3)(i); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007). The ALJ also noted inconsistencies in the record, such as the fact that, while Plaintiff claims he is unable to work, he has been looking for employment and doing "under the table" home improvement. PageID 59. Finally, while Plaintiff has "sought mental health treatment[, he] stops after a few sessions and is only interested in being prescribed benzodiazepines." *Id.*; *see also* 20 C.F.R. § 416.929(c)(3)(v).

Accordingly, the undersigned concludes that substantial evidence supports the ALJ's assessment of Plaintiff's allegedly disabling symptoms and limitations, as well as the ALJ's credibility determination. "[E]ven if there is substantial evidence in the record that would have supported an opposite conclusion[,]" the undersigned must give deference to the ALJ's decision if it is supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citations omitted).

### III.

For the foregoing reasons, the undersigned **RECOMMENDS** that this case be dismissed for failure to prosecute and **TERMINATED** on the Court's docket.  Alternatively, the undersigned **RECOMMENDS** that the ALJ's non-disability finding be found supported by substantial evidence and **AFFIRMED**, and this case be **TERMINATED** on the Court's docket.

The Clerk is **ORDERED** to serve this Report and Recommendation to Plaintiff by regular mail at the address listed on the docket.


Date:  May 18, 2015                              *s/ Michael J. Newman*
                                                 Michael J. Newman
                                                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).