UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DERRICK HARRIS,

    Plaintiff,                                       Case No. 3:14-cv-333

vs.

COMMISSIONER OF                            District Judge Walter H. Rice
SOCIAL SECURITY,                           Magistrate Judge Michael J. Newman

    Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT (DOC. 14) BE DENIED; AND (2) THIS CASE REMAIN TERMINATED ON THE COURT'S DOCKET**

This Social Security case is before the Court on *pro se* Plaintiff's motion to re-open the case (doc. 14), which the undersigned construes as a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e). *See Moody v. Pepsi–Cola Metro. Bottling Co.,* 915 F.2d 201, 206 (6th Cir. 1990). On June 8, 2015, the Court affirmed the Administrative Law Judge's ("ALJ") non-disability determination, and the Clerk entered judgment accordingly. Docs. 12, 13. Under Rule 59(e), a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Plaintiff's motion was filed on July 21, 2015 -- *i.e.*, 43 days after the entry of judgment -- and, therefore, is untimely. Accordingly, insofar as Plaintiff purports to seek relief under Rule 59(e), the undersigned **RECOMMENDS** that such request be **DENIED**.

When a Rule 59 motion is not filed within the mandatory deadline, it is appropriate for the Court to consider the motion as a motion for relief from judgment pursuant to Rule 60. *See*

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

*In re Saffady,* 524 F.3d 799, 800 n.2 (6th Cir. 2008) (citing *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998)). "Relief from a final judgment under Rule 60(b) is an 'extraordinary remedy that is granted only in exceptional circumstances.'" *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (citation omitted). A motion for such relief may only be granted for one of six enumerated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff's motion does not articulate a reason that would warrant relief under Rule 60(b). This Court affirmed the ALJ's non-disability determination upon finding the ALJ properly assessed Plaintiff's credibility and allegations of disabling symptoms -- the only conceivable error alleged in Plaintiff's Statement of Errors. Docs. 11, 12. Plaintiff now states that he "found one of [his] prescriptions," (relevant to his mental health impairments) and generally asks for reconsideration of the Court's decision. Doc. 14. Plaintiff fails to explain how this allegedly newly obtained evidence relates to the Court's conclusions or otherwise present an arguable basis upon which this Court could set aside its original judgment.

Accordingly, it is **RECOMMENDED** that Plaintiff's motion (doc. 14) be **DENIED**, and this case remain **TERMINATED** on the Court's docket. The Clerk is **ORDERED** to serve this Report and Recommendation to Plaintiff by regular mail at the address listed on the docket.

Date: August 6, 2015  s/ Michael J. Newman
Michael J. Newman
United States Magistrate Judge

2

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).